IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JOSHUA MCINTYRE, | Civ. No. 6:17-cv-00798-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| DOUGLAS COUNTY, | |
| Defendant. | |

AIKEN, District Judge.

This matter comes before the Court on Plaintiff's Motion for Relief from Judgment of Dismissal, ECF No. 62. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set forth below, the Motion is GRANTED.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 60 allows a district court to relieve a party from a final judgment, order, or proceedings for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) if the judgment is void; (5) if the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reasons that justify relief. Fed. R. Civ. P. 60(b).

Relief under Rule 60 "should be granted sparingly to avoid manifest injustice and only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (internal quotation marks and citation omitted). The party making the Rule 60 motion bears the burden of proof. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992). Finally, whether to grant a motion pursuant to Rule 60 is left to the discretion of the district court. *See Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1110 (9th Cir. 2011).

## BACKGROUND

This case was filed on May 22, 2017. ECF No. 1. On January 9, 2019, Defendant filed a motion for summary judgment. ECF No. 47. The Court granted Plaintiff's request for an extension of time to respond to the motion for summary judgment until fourteen days after production of documents, if any, following the Court's ruling on motions to compel and a motion to quash subpoenas. ECF No. 51. On May 3, 2021, the Court issued a written opinion resolving the motions to compel and quash and ordering Defendant to produce a privilege log within fourteen days of the Court's order and giving Plaintiff thirty days from receipt of the privilege log to renew his motion to compel to challenge the assertion of privilege. ECF No. 57. The motion was not renewed and no response to the motion for summary judgment was filed.

On September 15, 2022, the Court granted the motion for summary judgment and entered a judgment of dismissal in this case. ECF Nos. 59, 60. The present motion followed.

## DISCUSSION

Plaintiff moves for relief from judgment pursuant to Rule 60(b)(1) on the basis that (1) the deadline for Plaintiff to respond to Defendant's motion for summary judgment had not yet passed and (2) excusable neglect on the part of Plaintiff's attorney Beth Creighton.

### I. Mistake

As noted, the Court's scheduling order allowed Plaintiff fourteen days from Defendant's production in which to file response to the motion for summary judgment. In the months following the Court's ruling on the motions to compel, Defendant made slow progress with producing responsive documents.

In response to inquiries from the Court in late 2021, Plaintiff's counsel notified the Court that she was still awaiting production from Defendant and that Plaintiff's counsel would notify the Court if Plaintiff required assistance with production of discovery. The last production made by Defendant was on January 26, 2022. Plaintiff maintains that, although no further discovery was produced after January 26, 2022, Defendant never fully complied with its discovery obligations or with the Court's orders on the motions to compel.

Plaintiff asserts that the Court's entry of summary judgment was based on a mistaken belief that, by September 2022, the deadline for Plaintiff's response to the

motion for summary judgment had passed. Plaintiff maintains that, because Defendant still had not produced the required discovery by September 2022, the deadline for Plaintiff's response still had not passed.

## II. Excusable Neglect

Plaintiff is represented in this case by Beth Creighton. On February 1, 2021, Ms. Creighton's law partner retired from active practice. In June 2021, Ms. Creighton's associate attorney left the firm. As a result, the only attorneys working in Ms. Creighton's firm were Ms. Creighton herself and a very new associate who was admitted to the bar in August 2021. The new associate required extensive guidance and training and was unable to work independently, with the result that Ms. Creighton was, practically speaking, a solo practitioner. On February 8, 2022, Ms. Creighton's spouse of twenty years passed away after a protracted battle with with cancer. In the aftermath of her spouse's death, Ms. Creighton was unable to maintain her previous level of work.

Plaintiff acknowledges that, in the months following Ms. Creighton's husband's death, Ms. Creighton did not pursue further discovery from Defendant despite her belief that the production was incomplete. Plaintiff also acknowledges that Ms. Creighton did not seek assistance from the Court in compelling the unproduced materials. Plaintiff asserts that, in light of Ms. Creighton's circumstances in early 2022, the failure to either file a response to the motion for summary judgment or to pursue the missing discovery amounted to excusable neglect.

The Ninth Circuit has instructed courts to consider the following factors in determining whether a party has established excusable neglect:

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc).

With respect to prejudice, the Ninth Circuit has held that loss of a "quick victory" on an unanswered motion for summary judgment is not enough to demonstrate prejudice to the non-moving party. *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000). Although the possible eventual trial is delayed, the Court notes that this prejudice will fall on both sides and that one of the contributing factors in the delay is Defendant's slow production of discovery materials. In addition, Plaintiff has included a proposed response to the motion for summary judgment and so, if the judgment is set aside, the case will resume moving forward expeditiously.

With respect to the second fact, the length of delay, the Ninth Circuit has held that court should consider the delay between the entry of judgment and the Rule 60 motion. *Lemoge v. United States*, 587 F.3d 1188, 1196-97 (9th Cir. 2009). Here, that period is very short, which weighs in favor of Plaintiff. In considering the delay in the filing of the response to Defendant's motion for summary judgment, that delay was lengthy, but this fact is outweighed by the other factors in the Court's analysis.

The Court has considered the reasons for the delay, both professional and personal, and finds that they weigh in favor of granting the motion. Similarly, the

Court concludes that Ms. Creighton's actions were taken in good faith, based on her understanding of the deadline for her response to the motion for summary judgment and on her prompt action upon entry of the Court's Order and Judgment.

Under the totality of the circumstances and after weighing the equities, the Court concludes that Plaintiff has demonstrated excusable neglect without the necessity of reaching whether the Court's entry of judgment was mistaken.

## CONCLUSION

Plaintiff's Motion to Set Aside the Judgment, ECF No. 62, is GRANTED. The previously entered Opinion & Order, ECF No. 59, and Judgment, ECF No. 60, are VACATED. Plaintiff shall have fourteen days from the date of this Order in which to file his response to the motion for summary judgment.

It is so ORDERED and DATED this __21st__ day of September 2023.

/s/Ann Aiken
ANN AIKEN
United States District Judge